[Cite as *State v. Morris*, 2014-Ohio-4114.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-14-1097

    Appellee                                Trial Court No. CR0200601681

v.

Maurice Dee Morris                        **DECISION AND JUDGMENT**

    Appellant                              Decided:  September 19, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
David F. Cooper, Assistant Prosecuting Attorney, for appellee.

Kenneth J. Rexford, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated appeal from a December 20, 2013 judgment of the

Lucas County Court of Common Pleas, which denied appellant's Crim.R. 33(B) motion

for a new trial.  On August 22, 2006, following a jury trial, appellant was convicted of

one count of assault, in violation of R.C. 2903.13, a misdemeanor of the first degree. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Maurice Dee Morris, sets forth the following sole assignment of error:

I. The Trial Court abused its discretion in Denying the Defense Motion for Leave to File a Delayed Motion for a New Trial.

{¶ 3} The following undisputed facts are relevant to this appeal. On March 5, 2006, an incident transpired between appellant and another individual in a church parking lot in the vicinity of Airport Highway and Wenz Road located in the city of Toledo.

{¶ 4} On March 30, 2006, appellant was indicted on one count of perjury, in violation of R.C. 2921.11, a felony of the third degree, and one count of assault, in violation of R.C. 2903.13, a misdemeanor of the first degree, in connection to the March 5, 2006 parking lot incident.

{¶ 5} Although the perjury count was subsequently dismissed, the assault charge proceeded to jury trial on August 21, 2006. On August 22, 2006, appellant was found guilty of the remaining count of misdemeanor assault. Appellant filed a direct appeal of the assault conviction to this court. The appeal was dismissed in *State v. Morris*, 6th Dist. Lucas No. L-06-1377. On July 31, 2008, the Ohio Supreme Court denied review of the matter.

{¶ 6} Over four years later, on November 27, 2012, appellant filed a motion captioned as a "MOTION OF THE DEFENSE FOR LEAVE TO FILE MOTION FOR

2.

NEW TRIAL."  Significantly, appellant now claims that the underlying Crim.R. 33(B) motion was not actually a motion for a new trial, but merely constituted a motion for leave.  Notably, the motion expressly stated, "Accordingly, a new trial is request."  In conjunction with this, the motion was explicitly filed, "pursuant to Crim.R. 33(B)."  Lastly, we note that the standard of proof pursuant to Crim.R. 33(B) applies to the motion filed pursuant to it in this case regardless of how appellant labels the motion.

{¶ 7} Crim.R. 33(B) establishes in pertinent part:

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived.  If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶ 8} Appellant's Crim.R. 33(B) motion was supported by an October 13, 2012 affidavit of appellant stating in relevant part, "In the following months after my conviction in August 2006, I was approached by Mrs. Connie Jones regarding my case," an unsigned sheriff's report dated March 9, 2006, an August 7, 2009 letter from Antoinette Harris in which she claimed to have had an October 2006 discussion with a witness of the assault at a Red Lobster restaurant in which the witness allegedly indicated

3.

to Harris that he did not witness the assault, and an August 7, 2009 statement from Dwight Steele claiming to have had a conversation with a witness of the assault allegedly conveying that the assault victim struck appellant before appellant struck the victim. On December 20, 2013, the trial court denied appellant's Crim.R. 33(B) motion. In order for appellant's motion to prevail, regardless of whether appellant characterizes it as a motion for a new trial or a motion for leave, the evidence submitted must have shown by clear and convincing proof that he was unavoidably prevented from the discovery of the evidence.

{¶ 9} In the single assignment of error, appellant asserts that the trial court erred in denying appellant's Crim.R. 33(B) motion. In support, as referenced above, appellant attempts to draw a distinction relevant to this appeal between filing a motion for a new trial and filing a motion for leave to file a motion for a new trial. We are not persuaded.

{¶ 10} The record clearly and unambiguously reflects that appellant's motion stated at the outset that appellant, "[M]oves this Honorable Court, pursuant to Criminal Rule 33(B) * * * based upon newly discovered evidence over 120 days after the verdict." In order to justify an untimely Crim.R. 33(B) filing, such as the one underlying the instant case, it must be shown, "by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely."

{¶ 11} Appellant's motion in this case was supported by an October 12, 2013 affidavit of appellant generically referencing a conversation he had with a woman about this case, "in the months after trial." The timeframe referenced being close to the time of

4.

the incident, so as to not suggest any unavoidable prevention of discovery. The motion was also accompanied by two separate letters by two separate individuals, both dated August 7, 2009, each referencing 2006 hearsay conversations between the parties executing the August 7, 2009 statements and other parties. Again, no clear and convincing evidence in connection to these letters demonstrated unavoidable prevention of discovery. Lastly, a March 9, 2006 memo from a witness to appellant's employer was attached. There was likewise no clear and convincing evidence in connection to the March 9, 2006 memo directed to appellant's employer several days after the incident showing unavoidable prevention of discovery.

{¶ 12} The record of evidence in this matter is devoid of any evidence that could conceivably be construed so as to constitute clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, so as to potentially warrant the granting of the motion regardless of any variable labeling or framing of the motion. The evidence submitted cannot be construed in any way so as to satisfy the requisite Crim.R. 33(B) standard of proof applicable to this case. As such, we find that the trial court properly denied appellant's motion made pursuant to App.R. 33(B). Appellant's sole assignment of error is found not well-taken.

{¶ 13} Wherefore, we find that substantial justice has been done in this matter. The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App.R. 24.

Judgment affirmed.

5.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.    _____
                 JUDGE

Thomas J. Osowik, J.

              _____
James D. Jensen, J.         JUDGE
CONCUR.

              _____
                 JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.